# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## AUGUST SESSION, 1997

FILED

August 18, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,      )
                          )    No. 02C01-9608-CC-00261

      Appellee        )

                          )    LAKE COUNTY

vs.                    )

                          )    Hon. STEVE STAFFORD, Judge

TYRONE CLAY,         )

                          )    (Selling cocaine in an amount

      Appellant      )    greater than .5 grams - three counts)

For the Appellant:

**VANEDDA PRINCE**
Post Office Box 26
Union City, TN 38261
(ON APPEAL)

**STEVE DAVIS**
District Public Defender
P. O. Box 742
Dyersburg, TN 38025-0742
(AT TRIAL)

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**GEORGIA BLYTHE FELNER**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**C. PHILLIP BIVENS**
District Attorney General

**JAMES E. LANIER**
Asst. District Attorney General
P. O. DRAWER E
DYERSBURG, TN 38024

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Tyrone Clay, presents a delayed appeal challenging the length of sentences imposed by the Lake County Circuit Court.[1] On the morning of the appellant's scheduled trial, a plea agreement was reached, whereby the appellant agreed to plead guilty to three class B felony sales of cocaine in exchange for three concurrent sentences as a range I offender. The State had previously filed notice of its intent to seek enhanced punishment of the appellant as a range II, multiple offender based upon allegations of four prior felony convictions. The trial court subsequently sentenced the appellant to three concurrent eleven year sentences for these offenses.[2] In this appeal, the appellant specifically contends that the trial court failed to consider applicable mitigating factors which resulted in an excessive sentence.

When a defendant challenges the length of the sentences imposed by the trial court, this court conducts a *de novo* review conditioned upon the presumption that the determination of the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1990). This presumption only applies if the record demonstrates that the trial court properly considered relevant sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). We find that the record so demonstrates; thus, the presumption applies. Furthermore, the appellant, and not the State, bears the burden of showing that the sentences imposed were improper. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401.

At the conclusion of the sentencing hearing, the trial court found three

---

[1] This appeal arises from the appellant's successful post-conviction claim of ineffective assistance of counsel upon grounds that his trial counsel failed to perfect a timely appeal to this court. See Tenn. Code Ann. § 40-30-213 (1995 Supp.)

[2] The court ordered the instant sentences to run concurrently, but consecutively to the appellant's outstanding parole violations. See Tenn. R. Crim. P. 32 (c)(3)(A).

enhancement factors applicable, (1) the defendant has a previous history of criminal convictions; (8) the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and (13) that the felony was committed while the defendant was on parole from a prior felony conviction. Tenn. Code Ann. § 40-35-114 (1), -114(8), -114(13) (1995 Supp.). These factors are not challenged in this appeal. Additionally, the trial court found one mitigating factor appropriate for consideration, (1) the defendant's criminal conduct neither caused nor threatened serious bodily injury, Tenn. Code Ann. § 40-35-113(1) (1990), and rejected the appellant's argument that two other mitigating factors were applicable, namely: (6) the defendant, because of his youth, lacked substantial judgment in committing the offense, and, as a non-statutory mitigator, that the defendant entered guilty pleas to all three counts. Tenn. Code Ann. § 40-35-113(6), -113(13).

The appellant, at the time of sentencing, was twenty-eight years old with a lengthy criminal history which included prior felony convictions for drug offenses. There is nothing in the record to indicate that the appellant lacked substantial judgment because of his age. See, e.g., State v. Logan, No. 02C01-9609-CC-00297 (Tenn. Crim. App. at Jackson, Apr. 10, 1997); State v. Leggs, No. 01C01-9511-CR-00391 (Tenn. Crim. App. at Nashville, Feb. 28, 1997). The court properly rejected the appellant's "youth" as a mitigating factor. Moreover, although this court has previously upheld consideration of guilty pleas as a mitigating factor, see, e.g., State v. Jernigan, No. 01C01-9410-CR-0033 (Tenn. Crim. App. at Nashville, Feb. 23, 1996); State v. Myers, No. 03C01-9409-CR-00344 (Tenn. Crim. App. at Knoxville, Apr. 13, 1995), the appellant's motivation in entering guilty pleas was self-serving, since the State agreed not to pursue range II sentencing in exchange for his guilty pleas, and the record indicates that the appellant was "rude," "uncooperative," and "adamant about going to trial." See, e.g., State v. Hayes, No. 01C01-9509-CC-00293 (Tenn. Crim. App. at

3

Nashville, Oct. 24, 1996); State v. Cagle, No. 01C01-9301-CC-00006 (Tenn. Crim. App. at Nashville, Nov. 18, 1993), perm. to appeal denied, (Tenn. Mar. 28, 1994). Accordingly, we do not find error in the trial court's sentencing decision. This issue is without merit.

The appellant also contests the weight the trial court afforded to each of the enhancement and mitigating factors. The presumptive sentence for a range I offender of a class B felony is the minimum within the range, i.e., eight years. Tenn. Code Ann. § 40-35-210(b)(e) (1995 Supp.); Tenn. Code Ann. § 40-35-112(a)(2). Beginning with the presumptive sentence, the trial court must then "enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors." Id. There is no mathematical formula in determining the appropriate sentence, rather, the weight to be afforded an existing factor is left to the trial court's discretion so long as the court complies with the purposes and principles of the Sentencing Act and its findings are adequately supported by the record. State v. Hayes, 899 S.W.2d 175, 185 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1995) (citing Sentencing Commission Comments, Tenn. Code Ann. § 40-35-210; State v. Moss, 727 S.W.2d 229, 237 (Tenn. 1986); see Ashby, 823 S.W.2d at 169.). Again, the trial court found, and we agree, that three enhancement and one mitigating factors are applicable. This issue is without merit.

After a review of the record, we conclude that the sentences imposed by the trial court are entirely justified and appropriate under the attendant circumstances. Accordingly, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge


CONCUR:



_____
JERRY L. SMITH, Judge



_____
THOMAS T. WOODALL, Judge